## W. L. STEPHEN ET AL. v. M. EISEMAN.

CIRCUIT COURT. *Jurisdiction. Amount or value in controversy. Replevin.*
In the absence of all showing in the declaration and elsewhere that the plaintiff in replevin had reason to believe, or did believe, that the value of the property exceeded $150, a verdict fixing that value, and also assessing damages, shows that the Circuit Court has not jurisdiction; and the suit will be dismissed, unless motion is made to set aside the verdict because the value is assessed too low.

ERROR to the Circuit Court of Jefferson County.

Hon. URIAH MILLSAPS, Judge.

This writ of replevin, by M. Eiseman against Army Sims, was issued from the Circuit Court, and levied by the sheriff on three bales of cotton, which the officer failed to value, but which Sims retained, giving bond in the penalty of $300, with W. L. Stephen as surety. The declaration did not state the value of the property, but claimed $250 damages for the taking and detention thereof. The defendant being summoned, but failing to appear, a judgment by default was rendered, with a writ of inquiry. The jury assessed the value of the property at $150, and awarded $30 damages. A judgment was rendered for the return of the property or payment of its value against Army Sims, and W. L. Stephen, surety on his

bond, and for the damages against the defendant. A motion by Stephen to set aside the judgment being overruled, he sued out the writ of error; and Army Sims, to avoid a summons and severance, appeared, and joined in the assignment of error.

*H. Cassedy*, for the plaintiffs in error.

The judgment is void for want of jurisdiction, the value of the cotton not exceeding $150. *Vick* v. *Vicksburg*, 1 How. (Miss.) 379; *Byrd* v. *State*, 1 How. (Miss.) 163; *Cason* v. *Cason*, 31 Miss. 578; *Root* v. *McFerrin*, 37 Miss. 17; George's Digest, p. 452, § 8.

*Thomas Reed*, for the defendant in error.

The amount is $150 value and $30 damages, in all $180, which gives the court jurisdiction. The value is fixed by the verdict of the jury alone, which is so liable to vary on such a question, that it is an unsafe criterion.

CHALMERS, J., delivered the opinion of the court.

The value of the cotton was not stated either in the affidavit, the sheriff's return, or the declaration, but was fixed by the verdict of the jury at $150. In the absence of any thing showing that the plaintiff had reason to believe, or did actually believe, it to be of greater value, this valuation ousted the jurisdiction of the Circuit Court, or rather demonstrated that it never had jurisdiction, because its jurisdiction only embraces controversies in which the subject-matter exceeds $150 in amount or value. Upon the coming in of the verdict the court below should have dismissed the case, unless motion was made to set aside the verdict by reason of the value having been assessed too low.

We will reverse and remand the case, so that the plaintiff may determine whether he will dismiss and sue in the Justice's Court, or assume the burden of proving, on a second trial, that the value exceeded $150.

*Judgment reversed and cause remanded.*