Board of Levee Commissioners *v.* Thomas H. Allen.

1. Eminent Domain. *Proceedings under levee law. Defect as to jury of inquest.*
The act incorporating the "Board of Levee Commissioners of Bolivar, Washington and Issaquena Counties," approved November 27, 1865, provides for the condemnation of lands of individuals for levee purposes, and for a jury of "freeholders or householders," to assess the damages sustained. The failure of the record of the proceedings had in such case to show that the jury were freeholders or householders is a fatal defect; for which, upon a *certiorari,* the verdict may be set aside and the whole proceedings of inquisition quashed.

2. Same. *One jury of inquest for several different land-owners.*
A proceeding had under the act above referred to is not objectionable because but one jury was summoned to assess the damages of several different land-owners, and such jury returned one verdict, embracing the several assessments of damages, the act not requiring a different jury for each land-owner.

Appeal from the Circuit Court of Bolivar County.

Hon. B. F. Trimble, Judge.

Sect. 17 of the act incorporating the "Board of Levee Commissioners of Bolivar, Washington, and Issaquena Counties," approved 27th of November, 1865, provides that when any owner of land shall object to the building of a levee thereon, or claim compensation for damage he may sustain in consequence thereof, the president of the Board of Levee Commissioners, or such owner, may apply by written petition to the clerk of the Board of Police of the county, who shall forthwith issue an order to the sheriff, " commanding him to summon instantly, a jury of twelve disinterested freeholders or householders, resident of the county, to go upon and review the premises and inquire of the damage sustained and the compensation " due such land-owner ; and that the jury, after five days' notice of the time and place of meeting, and having been sworn by the sheriff, "shall render their verdict and inquisition in writing, which shall be returned by the sheriff to the clerk of the Board of Police, and such verdict and inquisition shall be final between the parties."

The Board of Levee Commissioners wished to build a levee upon land belonging to Thomas H. Allen, and, as he objected,

the president of the board, under the provisions above stated, caused a jury to be summoned to view the premises and determine the damage. The jury rendered a verdict, and thereupon Allen sued out a writ of *certiorari*, and had the record of the proceedings of inquisition brought before the Circuit Court for review. The petition for *certiorari* alleged that the proceedings of the inquisition were illegal, (1) because but one jury was applied for and summoned to assess the damages of several different persons, and the several assessments of damage were included in one and the same verdict; and (2) because it does not appear that the jury were all freeholders or householders. The court rendered a decree quashing the proceedings of inquisition, and the Board of Levee Commissioners appealed.

*Percy & Yerger*, for the appellants.

1. The act organizing the levee board contemplates the building of a continuous line of levee along the river front of the counties composing the district. *Ex necessitate rei*, in constructing any portion of this line for any length it will frequently pass through the lands of a dozen different parties. Often only a few yards of one or more landholders will be occupied, and again it will run for a mile through the land of their neighbors. To make a separate case of it for each landholder, and require a separate jury, would not only impose extraordinary expense and delay, but would soon disqualify all the jurors in the vicinage. The very purpose and object of this thing would, not infrequently, be defeated.

" There is no reason why all the persons who sustain damages should not be joined in one proceeding." Mills on Em. Do. 261. " Such a mode of procedure commends itself both by its cheapness and convenience, and cannot injuriously affect the interest of any one concerned." 17 Mo. 184; Mills on Em. Do., 261.

2. In this case the petition of the levee board, and the writ directed to the sheriff, both called for a jury of the requisite qualifications. The sheriff's return shows that he summoned

a jury of the aforesaid qualifications ; but the verdict returned by them appears to have been rendered by a jury, eight of whom were of those originally summoned, and four of whom were summoned to supply the places of those not attending. As to the last four, it does not affirmatively appear that they were householders and freeholders. We submit that it is not necessary that it should so appear. 17 Serg. & R. 388. In this case the statute contained the same requirements as to the qualification of jurors, and the Pennsylvanian court holds, on *certiorari*, that it will be taken that they " were qualified," unless " some color of evidence that they were not, or some ad- mission of the fact." See also 42 Ind. 360 ; 34 Barb. 481. In both of these cases the point was made that it did not appear from the record that the jury was composed of freeholders, and in both the court hold that it is not necessary, and that so long as it does not appear that they were not freeholders, the inquisition will be upheld. The officer empanelling the jury is presumed to have done his duty. See also 22 Vt. 44.

It appears from the record that the plaintiff was present by attorney at the inquest, and that said attorney waived all objection to want of notice. We submit that on a fair view of the whole record the court below erred in quashing the proceedings of inquest.

*Nugent & Mc Willie*, for the appellee.

Applying the rule adopted by the court as announced in 57 Miss. 167, to the statute under review, it is clear that the proceeding by the president of the Board of Levee Commissioners, or the land-owner, for the ascertainment of compensation is a distinct and independent proceeding. It is quite impossible to unite in an application the names of all the landowners along the line of a contemplated levee and to have one jury summoned for the whole. Each proceeding must stand or fall on its own merits, and become a single suit, as it were. But there are graver objections to the inquest in this case. The return of the clerk to the court shows that the petition was preferred by the president of the Board of Levee Com-

missioners asking that the damage be assessed in the case of Allen, Fanny Gaines, Mary O. Adams, and A. B. Carson; that the writ issued on the application; that on 7th of September the sheriff summoned the following disinterested freeholders and householders of Bolivar County to meet at Gorin's store, on Greenwood plantation, on the 13th of September, at ten o'clock, to wit: Geo. Wash, P. J. King, L. G. Galloway, D. D. Galloway, Wm. Henry Murphy, Ezekiel Davis, Iddo Ballou, ———— Ponder, Samuel Jackson, H. E. Ringo, Sam. Stewart, H. C. Reynolds, M. Hellone; one more than the exigency of the writ required. On the 11th of September, Pollard Bradley was appointed deputy to execute the process. On the 13th of September, the following jurors were sworn to assess the damages: P. J. King, D. D. Galloway, Wm. Henry Murphy, Ezekiel Davis, I. Ballou, Samuel Jack, W. E. Ringo, S. S. Stewart, H. J. Reynolds, M. H. Moore, P. C. Bradley, H. C. Grimm.

It nowhere appears that any of the first panel failed to attend, or that P. C. Bradley and H. C. Grimm were even summoned at all, or that they were disinterested freeholders or householders and residents of the county. One Samuel Jackson was summoned and Samuel Jack served; H. C. Reynolds was summoned and H. J. Reynolds served; W. E. Ringo served and H. E. Ringo was summoned; Sam. Stewart was summoned and S. S. Stewart served. These objections were fatal to the inquest and the court did right in quashing it. 57 Miss. 163. Stress is laid upon the fact that the attorneys of Allen acknowledged service of the writ and appeared before the jury; but that did not alter the facts. Their appearance dispensed with notice, as required by the act above referred to, and with nothing else. They had no right to controvert the regularity of the proceedings, or object to the qualification of the jury.

Campbell, C. J., delivered the opinion of the court.

The record, fails to show that the inquisition of damages was made by twelve freeholders or householders summoned by

the sheriff, as required by law. This is a fatal defect in the proceedings. *Allen* v. *The Board of Levee Commissioners,* 57 Miss. 163.

That the same jury assessed the damages as to the lands of different persons, all of whom were embraced in one proceeding, was unobjectionable. The statute does not require a different jury for each land-owner, and it would be both inconvenient and expensive.

Judgment affirmed.