### DELMAS BROS. *v.* THOS. MORRISON.

1. ATTACHMENT. *Claims depending on different grounds.*
   In a proceeding by attachment to collect an indebtedness composed of several distinct and independent items, if the ground of attachment as to only one of the items be sustained, the attachment should be discharged as to the others.

2. SAME. *Jurisdiction.*
   If the ground of attachment be sustained as to one item only of an account, or claim within the jurisdiction of the circuit court, and that item is within the jurisdiction of a justice of the peace, the attachment must be discharged.

Thomas Morrison owed Delmas Bros. nineteen dollars and eighty-three cents for supplies for his vessel, plying a trade in the navigable waters of this State. Delmas Bros. also held by indorsement the note of Morrison for one hundred and fifty-five dollars, and, combining the two claims, sued out an attachment against Morrison for the whole amount, upon the following grounds: (1) that he had removed or was about to remove himself or his property out of this State; (2) that he contracted the debt or incurred the obligation in conducting the business of a schooner or other water-craft in some of the navigable waters of this State; (3) that he fraudulently contracted the debt or incurred the obligations for which the suit was brought. The first and third grounds were not sustained by proof, and it was shown as to the second ground that only nineteen dollars and eighty-three cents was incurred in conducting the business of a water-craft.

Judgment was for the defendants. Delmas Bros. appeal.

APPEAL from the Circuit Court of Jackson County.

HON. SAMUEL H. TERRAL, Judge.

*Seal & Bloomfield,* for the appellants.

The testimony shows that at least nineteen dollars and eighty-three cents of the debt was for goods, provisions, etc., furnished the said defendant for and on account of the said schooner Mary Ellen, while the said defendant was conducting the business of said schooner in some of the navigable waters of this State. Morrison stated that he would have to leave the State if he could not get credit, and the testimony shows how easily he could have executed his threat if Delmas Bros. refused to credit him. His boat was near the mouth of the river, and in a couple of hours he could have been out of the State, with all his property. We think the evidence fully sustains the affidavit for the attachment and the judgment should be reversed.

*C. E. Chidsey,* for the appellee.

The verdict of the jury was correct, and that only nineteen dollars and eighty-three cents of this debt was due for supplies for the schooner Mary Ellen. The plaintiff acknowledges it in his declaration; he stated it on the witness stand. He tells you in unambiguous language, and so the record shows, that he held a promissory note of J. Morrison to David Saucier, and that he tacked this note to his pre-existing debt and attached the vessel for supplies. Upon what principle or authority could they attach this note to their debt and then create a lien on the vessel? I know of none and I do not believe the plaintiff counsel can show any.

CAMPBELL, C. J., delivered the opinion of the court.

The debt incurred in conducting the business of a water-craft in some of the navigable waters of this State was a cause for attachment, but it was within the jurisdiction of a justice of the peace, and its existence affords no support to the attachment on the other claims. Wherefore, judgment was properly given for the defendant.

*Judgment affirmed.*