## FOUNTAIN v. WEST ET AL.

1. **Injunction Bond:** RECOVERY ON: DAMAGES: EVIDENCE. An injunction bond is to secure such damages as may be adjudged against the obligors in an action brought to determine whether any damages have been sustained,—a question which cannot be determined in the injunction cause; and the value of the services of an attorney employed in procuring a dissolution of the injunction is an element of such damages, of which proper evidence should be admitted.

*Appeal from Harrison Circuit Court.*

FRIDAY, MARCH 19.

ACTION on an injunction bond. Judgment for the defendants, and plaintiff appeals.

*Smith, Clyde & Cochran,* for appellant.

*F. M. Dance* and *J. W. Barnhart,* for appellees.

SEEVERS, J.—Upon the application of the defendant West, an injunction was issued restraining the collection of a judgment. The plaintiff in that action gave a bond conditioned that he would pay all damages which might be adjudged against him by reason of such injunction, and pay the judgment, the collection of which was enjoined, if so adjudged against him. The injunction was dissolved, and the plaintiff seeks to recover the damages sustained by reason of the wrongful issuance of the injunction. The judgment enjoined has been paid. The plaintiff sought, on the trial, to introduce evidence tending to show such damages, but, upon the objection of the defendants, all of such evidence was excluded, and this ruling is assigned as error.

It is provided by statute (Code, § 3395) that an injunction can only issue upon the filing of a bond " conditioned for the payment of all damages which may be adjudged against petitioner by reason of such injunction." Substantially, the bond

MARCH TERM, 1886. 381

sued on is so conditioned, but counsel for appellees contend that because no damages have been adjudged against the obligors none can be recovered. If this construction is correct, then no damages can be recovered in any case on an injunction bond, and to give one would be idle and useless; for such damages cannot be adjudged in the original action. In it there cannot be such an issue joined. To do so would be premature, for the damages cannot be certainly known until the injunction is dissolved.

The statute contemplates, and the bond sued on covers, such damages as may be adjudged against the obligors in an action brought to determine whether any damages have been sustained. A motion was made to dissolve the injunction, and the plaintiff sought to prove what was the value of the services of his attorney in preparing the motion and submitting it to the court. Such evidence, at least, was admissible. *Wallace v. York*, 45 Iowa, 81. The case is not clearly presented in the abstract, and therefore we are unable to say, with the requisite certainty, to what extent the evidence offered was admissible. Besides this, such question we regard as having been settled in several cases determined by this court.

