## G. W. NIMOCKS v. O. W. WELLES *et al.*

1. ATTORNEY-FEES — *Injunction* — *Dissolution.* Attorneys' fees are recoverable in an action on an injunction undertaking for services in obtaining a dissolution of the injunction. (*Underhill v. Spencer,* 25 Kas. 71.)

2. ——— *Authority—Value of Services—Practice.* Where several par-
ties were interested in an injunction action, but only one was made
a defendant, and he employed an attorney, through whose efforts the
injunction was dissolved, in an action on the injunction undertaking
the obligors cannot question the authority of the attorney or the
value of his services for the reason that he did not represent all the
parties who were interested in the result of the injunction action.

3. INJUNCTION BOND — *Obligors Liable for Attorney-Fee.* N. as county
attorney prosecuted J., who was convicted of forgery, and adjudged
to pay the costs of the action. Afterward an execution was issued,
and J.'s property was levied upon by the sheriff, when J. obtained an
injunction against him. The sheriff employed N. as his attorney, by
whose efforts the injunction was dissolved. He assigned the injunc-
tion undertaking to N. as payment for his services. *Held,* That N.
could recover of the obligors of the bond what his services were rea-
sonably worth under his employment by the sheriff, it not appearing
that he was then county attorney.

*Error from Barton District Court.*

THE plaintiff in error brought an action on an injunction
bond executed by defendants in error and James E. Julian.
On appeal, it was tried at the October term, 1886, of the
Barton district court, by the court without a jury. It found
specially that James E. Julian was convicted of forgery in
said court, and after sentence escaped; that he was adjudged
to pay the costs of the state action, which amounted to $65,
of which $22.50 were the fees of the county attorney; that
an execution was issued and Julian's farm was levied upon,
it being all the property he had; whereupon he obtained a
temporary injunction against the sheriff, and that a bond, of
which the following is a copy, was executed:

"*James E. Julian, Plaintiff, v. M. Gilmore, Sheriff, Defend-
ant.*—We, the undersigned, undertake with M. Gilmore, de-
fendant, in the sum of one hundred and fifty dollars, that James
E. Julian will pay all damages that may result to Myron
Gilmore or any other person or persons from the granting of
the injunction in this case, if it be finally decided that said
injunction ought not to have been granted."

Findings numbered 11, 12, 13, 14, 15, 16 and 18, are as
follows:

"11. Did the court render such judgment dissolving said

injunction as to said $65, and has said judgment become final?
Yes.

"12. Did plaintiff, as attorney for M. Gilmore, secure the
dissolution of the injunction as to said $65 costs? Yes, as
attorney.

"13. Did said Gilmore by verbal agreement turn over to
plaintiff herein the claim on said injunction bond for attorney-
fees in case said injunction was dissolved? No.

"14. If you answer the above question in the negative,
state what the agreement was. It was agreed that plaintiff
might attend the injunction suit for Gilmore, and get his fees
out of the bond or where he could; that Gilmore would not
pay them, but plaintiff could have Gilmore's right under the
bond for injunction.

"15. What attorney-fee was reasonable for securing the dis-
solution of said injunction? $40.

"16. Has any attorney-fee been paid for dissolving said
injunction? No."

"18. As a conclusion of law, is it necessary, when an in-
junction has been granted enjoining the sale of land and
employment of counsel made necessary to secure its dissolu-
tion, and when land has been transferred to other parties, that
a suit to set aside sale as fraudulent in order to subject said
land to the payment of such debt, or can suit be maintained
on bond in injunction for such costs or claims up to amount
of bond? No; but in this case the land was transferred be-
fore it was levied on by execution, and the judgment lien for
costs was as good after the dissolution as it was when the in-
junction was granted."

The court rendered judgment in favor of the defendants
for costs; the plaintiff, complaining of this, asks for a review
and a judgment in his favor on the findings.

*Nimocks Bros. & Sturgis,* for plaintiff in error.

*Cole Bros.,* for defendants in error.

Opinion by HOLT, C.: Attorneys' fees are recoverable in
an action on the bond for services performed in allowing the
dissolution of an injunction. (*Underhill v. Spencer,* 25 Kas. 71,
and authorities there cited.) This bond is sufficient in form
to make the obligors responsible for such fees. They probably

could not question the mere form of the bond after obtaining a temporary injunction on the strength of having given it.

Was the plaintiff the real party in interest? He had at least all the rights of Gilmore, the sheriff, so far as all damages that might have accrued by reason of employing an attorney. It was found substantially, that defendant in the action of Wells v. Gilmore sustained no other damage than the attorney-fees of Judge Nimocks. Gilmore was interested in a part of the fees in the case of The State v. Julian, wherein the execution was issued. He had also an interest in the costs that might be made in Julian v. Gilmore. The plaintiff in his own right had an interest that the judgment against Julian should be paid out of Julian's property. He could not have recovered his fees in that action as county attorney from any other source. The county of Barton, at least, would not in any event have been liable to him. There may have been others who may have been interested in the judgment against him besides the plaintiff and Gilmore; and under certain contingencies the county might have had an interest. It would have been liable for a part of the fees in the action of The State v. Julian, if they could not have been made out of the property of defendant, and to that extent the county was interested indirectly in the dissolution of the injunction.

It is found that plaintiff was county attorney when Julian was tried and convicted, but there is nothing to show that he was such officer when the action of Julian v. Gilmore was tried, except the fact that he had been county attorney some time before. The positive finding of the court that he was the attorney of Gilmore at that time, and a failure to find that he was county attorney, are sufficient to overcome the presumption that he still continued to be county attorney.

If there were others that might have been interested in the costs in the case of The State v. Julian — witnesses for the state, the district clerk, or Barton county — there is no proof that they, or either of them, ever employed or were represented by an attorney at the trial. On the other hand, it is found that plaintiff, as the attorney for Gilmore, appeared and tried the

case, and obtained the dissolution of the injunction.   We presume his services were just as valuable and required as much diligence, care and ability to represent Gilmore's interest alone, as though he had been employed by all who had directly or indirectly an interest in the result of the action.   Certainly the obligors of the bond cannot now question the authority of the only attorney who appeared for Gilmore, and through whose efforts the injunction was dissolved.   No other attorney-fees could have been recovered in an action on the bond, as the plaintiff, as Gilmore's attorney, alone obtained the dissolution of the injunction.   His rights were assigned to plaintiff, and he is entitled to a judgment for his fee under such assignment.

We recommend that the judgment in favor of defendant for costs be reversed, and a judgment for $40 be rendered in favor of plaintiff.

By the Court: It is so ordered.

HORTON, C. J., and JOHNSTON, J., concurring.

VALENTINE, J.: I concur in the decision of this case only upon the theory that the plaintiff in error in this case, Nimocks, was not the county attorney of Barton county at the time when he assisted as an attorney at law in procuring the dissolution of the injunction issued to restrain the enforcement of the judgment for costs rendered in favor of the state of Kansas in the criminal case of The State of Kansas v. James E. Julian.