R. H. SPENCER *et al.*, Plaintiffs, v. JOHN C. SHERWIN, Judge, Defendant.

Injunction to Restrain Collection of Judgment: BOND: JUDGMENT AGAINST SURETIES: JURISDICTION. Where in an action to enjoin the collection of a judgment, the injunction bond was conditioned, merely, to pay all damages which might be adjudged against the principal by reason of such injunction, the court has no jurisdiction, upon the dismissal of the plaintiff's bill, to render judgment against the sureties in the injunction proceeding. Whether jurisdiction to render such judgment exists where the bond is conditioned, as required by section 3396 of the Code, "to pay such judgment, or comply with such final order, if the injunction is not made perpetual, or to pay any judgment that may be ultimately recovered against the party obtaining the injunction on the cause of action enjoined," *quære*.

*Certiorari to Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

WEDNESDAY, OCTOBER 5, 1892.

THIS is a proceeding by *certiorari*, instituted in this court by the plaintiffs to test the legality of the action of the defendant, a district judge, in rendering a judgment against the plaintiffs as sureties on an injunction bond.—*Writ sustained.*

*Geo. E. Clarke,* for plaintiffs.

No appearance for defendant.

KINNE, J.—In an action in the district court of Cerro Gordo county, wherein John Grove was plaintiff, and principal in the bond hereafter referred to and John Bush was defendant, and in which it was sought to enjoin the collection of a certain judgment obtained against said plaintiff by said Bush, the plaintiffs herein were sureties on the injunction bond filed in said cause. The material part of the conditions of said bond was as follows: "Now, therefore, if the said John Grove shall and will pay all the damages which may be adjudged against him by reason of such injunction, then this obligation to be void; otherwise to be and remain in full force and virtue." Our statute provides that in injunction cases a bond must be filed "conditioned for the payment of all damages which may be adjudged against the petitioner by reason of such injunction." Code, section 3395. And when it is sought to enjoin proceedings on a judgment, "the bond must also, in that case, be further conditioned to pay such judgment, or comply with such final order, if the injunction is not made perpetual, or to pay any judgment that may be ultimately recovered against the party obtaining the injunction on the cause of action enjoined." *Id.,* section 3396. It will be observed that the provision in the bond in controversy is in accordance with the requirement of the section of the statute first referred to, while the action in which it was given was brought to enjoin the collection of a judgment. Judgment was rendered against the plaintiffs, as sureties in said bond, in the original action, in which the plaintiff's bill was dismissed, which, of course, operated as a dissolution of the injunction.

The sole question presented on this record is, did the district court have such jurisdiction of the plain-

tiffs herein, as sureties on the injunction bond, that it could render a valid judgment against them as a part of its judgment in the original case in which the bond was given? We think it is very clear that the court in this case had no jurisdiction whatever to render judgment against the sureties. They were not parties to the action. They were in no manner notified of the proceedings to assess damages against them. The form of the obligation entered into by them did not of itself, and in the absence of statute, have the legal effect of making them parties to the action in such a sense that they would be bound by the proceedings had therein.

The rulings of courts on this question are in several states controlled by the peculiar provision of their statutes; as when provision is made on the dissolution of the injunction for a reference to ascertain damages, in which case it is held that notice to the surety is desirable, even if not strictly necessary. *Hill v. Thomas*, 19 S. C. 230; *Jordan v. Volkenning*, 72 N. Y. 300. In some states, while it is held under their practice that damages may be assessed in the principal cause, yet, it is said that the better doctrine is to require a separate suit upon the bond. *Hayden v. Keith*, 32 Minn. 277. In Texas, while under their decisions damages may be assessed in the original action, the court recognizes the fact that the law generally is that, "in the absence of an express provision, a statute authorizing judgment to be rendered against the sureties on an injunction bond for the damages for wrongfully suing out the writ, the sureties must be cited, or an independent action must be brought on the bond." *Coates v. Caldwell*, 71 Tex. 19. The weight of authority undoubtedly is that, in case of a bond conditioned like that in controversy, and, in the absence of express statutory provisions authorizing it, the court cannot, in the original action, assess damages

against the sureties. The proper mode in such cases is by an action directly on the bond, which affords the sureties opportunities for a day in court. 10 Am. & Eng. Encyclopedia of Law, p. 993; *Merryfield v. Jones*, 2 Curt. 306; *Harris v. Carter*, 3 Stew. (Ala.) 233; *Bemis v. Gannett*, 8 Neb. 236; *Easton v. N. Y. & Long Branch R'y Co.*, 26 N. J. Eq. 359; 2 High on Injunctions [3 Ed.], sections 1635, 1636, 1639, 1642.

In *Fountain v. West*, 68 Iowa, 380, the plaintiff gave a bond conditioned to "pay all damages which might be adjudged against him by reason of the injunction, and pay the judgment the collection of which was enjoined, if so adjudged against him." The injunction was dissolved. An action was brought on the bond. It was held that damages could not be adjudged in the original action, that no such issue could be joined therein, and that the damages could not be_definitely ascertained until the injunction was dissolved. It is there said: "The statute contemplates, and the bond sued on covers, such damages as may be adjudged against the obligors in an action brought to determine whether any damages have been sustained." The reasoning of the opinion applies to the case at bar, and is fully supported by the cases, so far as a bond like that in controversy is concerned.

It may be said that section 3396 of the Code, heretofore quoted, contemplates that judgment shall be rendered against the sureties in the original action. Whether that be so or not, we are not now called upon to determine. The bond in question is not conditioned as provided in that section, and, whatever the liability of the principal may be in a bond conditioned as this is, where it is sought to enjoin the collection of a judgment, it is certain that the liability of the sureties therein cannot be extended by intendment to cover matters not expressly within the terms of their undertaking. 10 Am. & Eng. Encyclopedia of Law, p. 991;

*Ovington v. Smith*, 78 Ill. 250; *United States v. Boyd*, 15 Pet. 208; *Anderson v. Falconer*, 34 Miss. 257; *Miller v. Stewart*, 9 Wheat. 702; *Dobbin v. Bradley*, 17 Wend. 422; *Hunt v. Smith, Id.* 180; *Tarpey v. Shillenberger*, 10 Cal. 391; *Hall v. Williamson's Adm'rs*, 9 Ohio St. 17; *Webber v. Wilcox*, 45 Cal. 301; *Ferguson v. Tipton*, 1 B. Mon. 28; 1 High on Injunctions [3 Ed.], section 1639; *Ashby v. Tureman*, 3 Litt. (Ky.) 6. In the latter case the bond in a suit to stay the judgment provided only for the payment of all costs and· damages ·in case the injunction should be dissolved. The statute in that state provided that the bond in such a case ·should be conditioned for the payment of the judgment, and it was held that the sureties on the bond were not bound for the payment of the judgment. Even if the court in the case at bar had had jurisdiction to assess proper damages against the sureties, its action in rendering a judgment against them for the amount of the judgment in the original case would have been erroneous, as, by the terms of their undertaking, they had not agreed to pay the judgment.

The writ in this case must be sustained. The judgment rendered by the district court against plaintiffs will be set aside, and the defendant will be taxed with the costs of this proceeding. WRIT SUSTAINED.