BOARD OF LEVEE COMMISSIONERS FOR YAZOO–MISSISSIPPI DELTA *v.* BROOKS, NEELEY & CO. ET AL.

CONSTITUTIONAL LAW.    *Constitution of* 1890, *sec.* 147.    Supreme court. Reversals.

> The provisions of constitution 1890, sec. 147, prohibiting reversals by the supreme court of circuit and chancery court adjudications on the ground of want of jurisdiction from any error or mistake as to whether the cause in which the judgment or decree appealed from was rendered was of equity or common law jurisdiction, does not apply to cases in which either court entertains a cause, neither of equity nor common law jurisdiction, of which it has no jurisdiction.

From the circuit court, first district, of Coahoma county.

Hon. F. A. Montgomery, Judge.

This suit was an eminent domain proceeding instituted by the board of levee commissioners, the appellant, although the issue tried in the circuit court was made up on the appeal of Brooks, Neeley & Co. *et al.*, the appellees, who, having appealed to the circuit court, filed their demand for damages in excess of that assessed by the three parties who had acted as appraisers.

The board of levee commissioners for the Yazoo-Mississippi delta, claiming the right of eminent domain, by its chief engineer, on the third day of July, 1896, filed its petition, addressed to the clerk of the circuit court of Coahoma county, for the purpose of condemning for levee purposes certain lands therein described, aggregating 146.69 acres, belonging to the appellees, requiring that process issue to the sheriff of said county for summoning Walter Clark, C. B. Danforth and Henry Wall to view said lands and assess the value thereof, in conformity with the act of the legislature of February 7, 1894. On July 17, 1896, said Wall, Danforth and Clark appraised the land at $3,125.79. On the twenty-seventh of July, 1896, Brooks, Neeley & Co. and others, the persons owning the land sought to be condemned, appealed from the appraisement, and filed their declaration, or statement of law and fact, in the circuit court. An issue being made up, the board of levee commissioners moved to dismiss the proceeding because the circuit court had no jurisdiction of it. The motion was overruled. A trial was had, resulting in a judgment for the appellees, from which the appellant, the board of levee commissioners, appealed to the supreme court.

*St. John Waddell*, for appellant.

While the act of 1896 professes to be an amendment of the act of 1884, yet it is substantive legislation, dealing with an entire subject-matter in all of its details, and, if not directly,

it does by implication repeal the act of 1894, under which the proceedings in this case were conducted, and the court below had no jurisdiction whatever in the matter.   The application to have the land condemned was a nullity; the award of the appraisers made in this case was without authority of law, and the entire proceedings should have been dismissed, and the court below erred in overruling appellant's motion to dismiss the same.   *Levee Commissioners* v. *Allen*, 60 Miss., 93.   The provision of the act of 1896, requiring the case to be tried by a jury in the chancery court, was constitutional.   *Railroad* v. *Drake*, 60 Miss., 621.

Appellees cannot contend that, because the appellants instituted this proceeding, they were estopped from claiming that it is void, because, as before stated, appellants are mere trustees, and it is their duty to correct any mistakes which have been made, to the detriment of those they represent, and because this judgment goes to the jurisdiction of the court, and questions of jurisdiction can be raised at any time.

*D. A. Scott*, for appellee.

Was the action of the lower court in overruling appellant's motion to dismiss this case for want of jurisdiction such error as to justify or call for a reversal?   For many reasons, we insist, this query should be answered in the negative:   (*a*) This litigation was inaugurated by the appellant; (*b*) appellant acquiesced in the award of the appraisers selected by it; (*c*) the amount of this award was deposited with the proper custodian; (*d*) no appeal was prosecuted from the award by appellant; (*e*) immediately after said award the appellant took possession of appellee's land and used it for levee purposes, and has continuously so used it since that time; (*f*) all parties, having even a remote interest in the land involved, being before the court the title of appellant to the same will be perfect and unassailable so soon as the due compensation to which they are entitled by the verdict of the jury below is received by the ap-

pellees; (*g*) appellant was not deprived of his constitutional right of trial by jury; (*h*) as hereinafter stated, the act of 1894, *supra*, was repealed by legislative enactment in 1897. Laws 1897, 22. Conceding, for the purpose of this argument, that the position of opposing counsel as to want of jurisdiction in the lower court is sound, I nevertheless assert, with confidence, that this court will not reverse, for the all-important and controlling reason that, the lower court having taken and assumed jurisdiction of this civil cause, this court under the constitution is powerless in the premises. I base this reason or statement upon section 147 of the constitution of 1890. *Mississippi, etc., Co.* v. *Patterson, Jr.*, 98 U. S. (8 Otto), 403; *Turner* v. *Holleran*, 11 Minn., 253; *Whitney* v. *Bank*, 71 Miss., 1009; *Cazeneuve* v. *Curell*, 70 Miss., 521.

*J. A. P. Campbell*, on same side.

By act of 1884, the matter pertained to the chancery court on appeal. Laws 1884, p. 140. By an act of 1894, an appeal to the circuit court was provided. Laws 1894, p. 95. By act of 1896, the matter was restored to the chancery court. Laws 1896, p. 175. After this the levee board instituted proceedings in the circuit court for condemnation of lands of appellees. An award was made, and the appellees, not being satisfied, appealed to the circuit court, where pleadings were had, and, after ten pleas by the board, it discovered that it should have begun in the chancery court, and then moved to dismiss. The motion was denied, and a trial had on the issues joined on the nine pleas, the demurrer to the tenth plea having been sustained. It may be granted that the case was in the wrong court, and that the motion to dismiss should have been sustained, but this is not the question now. In 1897 the legislature devolved the whole matter on the circuit court, to be dealt with just as was done in this case, and, were the judgment reversed and the case remanded, it would be to the very court whose jurisdiction is assailed, and to be proceeded with as it was in the matter now

here.    Laws 1897, p. 22.    The legislature had full control of
the procedure as to the board, and the appellees are not com-
plaining.    Mills Emi. Dom., sec. 93.    But our constitution,
sec. 147, and adjudications upon it, settled the question for
affirmance.    *Cazeneuve* v. *Curell*, 70 Miss., 521; *Whitney* v.
*Bank*, 71 *Id.*, 1009.    It does not lie in the mouth of the ap-
pellants to object to the jurisdiction of the circuit court.    *Cow-
ley* v. *Northern P. R. R. Co.*, 159 U. S., 569.    The tenth
plea was right in the face of the averment by the board of
ownership of the land by appellants, and their right as such
to compensation, and no averment to the contrary was allow-
able.    It shows, too, that the land granted was appropriated
at the time of the grant.    As to opinion of value in this class
of cases, see Mills Emi. Dom., sec. 168; Randolph Emi. Dom.,
secs. 344, 346.

Argued orally by *J. A. P. Campbell*, for appellees.

TERRAL, J., delivered the opinion of the court.

This is a proceeding under the statute regulating the exercise
of the power of eminent domain, commenced in the circuit
court of Coahoma county on the third day of July, 1896, when
said court had no jurisdiction of such proceeding, and which
want of jurisdiction rendered the action of the court utterly null
and void, and nothing can relieve it of this hopeless infirmity,
except it be section 147 of the state constitution, which is in-
voked for that purpose.    The constitution provides: "Section
147. No judgment or decree in any chancery or circuit court,
rendered in a civil cause, shall be reversed or annulled on the
ground of want of jurisdiction to render said judgment or de-
cree, from any error or mistake as to whether the cause in which
it was rendered was of equity or common law jurisdiction; but,
if the supreme court shall find error in the proceedings other
than as to jurisdiction, and it shall be necessary to remand the
case, the supreme court may remand it to that court which, in

its opinion, can best determine the controversy." The constitution does not help the proceeding. The cause is not one of equity or of common law jurisdiction. By the common law the circuit court had no jurisdiction of eminent domain proceedings, nor did the chancery court, by its institution in this state, have such jurisdiction, and the proceedings were entirely void because not in conformity with the power conferred. *Railroad Co.* v. *Drake*, 60 Miss., 626; Mills Em. Dom., sec. 84; *Commissioners* v. *Allen*, 60 Miss., 93; *Brown* v. *Beatty*, 34 Miss., 227.

If, by mistake of the chancellor, one of our chancery courts should entertain a suit of unlawful entry and detainer, which is not a common law suit, but pertains to a special court, composed at least of two justices of the peace, and from its decree an appeal should be taken here, could we entertain jurisdiction of it? We think not. Or, should a chancery court, by mistake of the learned chancellor, entertain a suit for debt on open account for less than $200, which pertains alone to the jurisdiction of the justice of the peace of the proper district, and its decree is complained of in this court, could we uphold such action? Certainly not.

It has been held that, if the circuit court adjudicates an action of debt there brought for less than $200, an appeal here gives this court no jurisdiction. For reasons equally cogent, an appeal from a decree of the chancery court in a similar action of debt for less than $200 could not be validated by judgment here. *Stephen* v. *Eiseman*, 54 Miss., 535; *Fenn* v. *Harrington*, 54 Miss., 733; *Griffin* v. *McDaniel*, 63 Miss., 121; *Delmas* v. *Morrison*, 61 Miss., 314; *Andrews* v. *Wallace*, 72 Miss., 291, s. c. 16 So. Rep., 204.

Should a chancellor, emulous of larger power, try in his court an ordinary action of ejectment, the decree of the court therein, if right upon the principles applied to the case, would, perhaps, be valid under section 147 of the constitution; or if a circuit judge should adjudicate a specific performance of a contract

for the sale of land, his action, if conformable to equitable principles on that subject, possibly could not be assailed here for want of jurisdiction; but the action of said tribunals in such cases would be valid, because the causes pertained, by the constitution of said courts, to the one or the other of them.    But one of these courts may not usurp the statutory power of the other, and have claimed for such usurpation the curative effect of section 147, because they are not covered by the letter or by the spirit of said section.    Those instances do not contain mistakes as to whether the cause is of equity or of common-law jurisdiction, so as to be cured by section 147 of the constitution. They are not causes of equity jurisdiction or of common-law jurisdiction pertaining to the circuit court, and the attempted proceedings in those courts, being in a matter over which that individual court had no jurisdiction whatever, cannot be upheld under section 147.    They are not mistakes, but are usurpations, and cannot be supported.    It is a rule often announced by this court that every special statutory authority must be strictly pursued, and, if not so pursued, the action taken is null and void.    *Levee Comr's* v. *Allen*, 60 Miss., 93; *New Orleans, etc., R. R. Co.* v. *Drake, Id.*, 626; Mills Em. Dom., sec. 84; 10 Am. & Eng. Enc. L. (2d ed.), 1054; *Brown* v. *Beatty*, 34 Miss., 227.

*Reversed and dismissed.*