MORENO *v*. MARTÍNEZ ET AL.

APPEAL from the District Court of Mayagüez.

No. 237.—Decided April 22, 1908.

DAMAGES AND LOSSES OCCASIONED BY INJUNCTION—DEMURRER BASED ON WANT OF CAUSE OF ACTION.—A demurrer alleging that plaintiff states no cause of action in a complaint for damages and losses occasioned by an injunction will not prevail where the injunction bond is set out in the complaint, and the facts showing the constitution of the bond and the dissolution of the injunction are therein expressly stated.

APPEAL—JURISDICTION OF THE SUPREME COURT—AMOUNT DETERMINING THE SAME.—It is a universal principle well settled by the jurisprudence that the amount involved in the litigation which determines the jurisdiction of the court of first instance, as well as that of the appellate court, is the amount sought to be recovered in the complaint and not the amount fixed by the judgment.

ID.—CONSIDERATION OF THE EVIDENCE—APPEAL TAKEN AFTER THE EXPIRATION OF 15 DAYS.—This court cannot consider the evidence in an appeal taken after the expiration of 15 days from the rendition of judgment, but questions of law raised in the record may be reviewed.

ID.—CONSTRUCTION OF THE ACT CHANGING THE PERIOD OF 15 DAYS WITHIN WHICH THE APPEAL MAY BE TAKEN.—The act repealing the first paragraph of section 295 of the Code of Civil Procedure is not applicable to appeals wherein the transcript of the record was filed prior to the approval of the repealing act.

DAMAGES AND LOSSES OCCASIONED BY INJUNCTION—AMOUNT THEREOF—ATTORNEYS' FEES.—Attorneys' fees paid by a party aggrieved by the injunction to defend his rights may be legally recovered in an action for damages and losses occasioned by the injunction.

The facts are stated in the opinion.

*Messrs. Sweet, Rossy and Campillo* for appellant.

*Mr. Fernando Vázquez* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This action was begun in the District Court of Mayagüez on the 26th of January, 1907., by María Moreno against Victor Martínez and the sureties on his injunction bond to recover damages alleged to have been sustained by a breach of said bond and fixed at $1,000, the amount of the said instrument.

The existence of the cause of action in which the injunction bond was given is alleged, as also is the execution of the bond and the dissolution of the injunction., The damages are set forth in the complaint in the following words:

"That during the time that the injuction was in force, as it has been said, María Moreno, the plaintiff herein, sustained damages amounting to the sum of $1,000."

Nonpayment and insolvency of the principal in the bond are also alleged. The defendant demurred on account of the following grounds:

1st. That plaintiff is a married woman and sues without the concurrence of her husband, as appears from the language of the complaint itself.

2d. That the complaint does not set forth facts sufficient to constitute a cause of action in this that the action, being brought for damages, does not set forth the facts which constitute the damages nor those from which the right to recover damages arises.

These exceptions were overruled by the trial court and the judge gives his reasons in the following terms:

"These exceptions having been discussed in open court by the parties to the suit, the court, after having heard the oral argument made by counsel, is of opinion, in regard to the first demurrer alleged, that as the defect alleged by the defendant does not appear on the face of the complaint, which is an indispensable requisite for the consideration of the demurrer, according to the text of the Code of Civil Procedure, it must be dismissed; but even were it otherwise, said demurrer would neither be admissible, as the lack of capacity

and the absence of right are two different things in law, or what is the same, the '*sine actione agis,*' which affects the merits of the cause and not its form; and there not having been demonstrated that plaintiff is lacking those conditions necessary in order to appear at the trial of a cause—that is to say, the want of legal capacity or personality that the defendant has confused with the lack of a cause of action, or '*sine actione agis,*' the said demurrer is dismissed.

"In regard to the second exception—that is to say, that the complaint does not set forth facts sufficient to constitute a cause of action—the court is of opinion that the said complaint is written in common and usual language; that the facts or essential allegations to show the cause of action which appear in the complaint, to wit, a constituted right in favor of the plaintiff, the violation or breach of that right made by defendants to the prejudice of the plaintiff, and the amount or specification of said damages, are stated in a very clear manner; and there appearing in the complaint these three elements which are the material ingredients which constitute the action taken, the said exception, which, therefore, must be dismissed, cannot properly be alleged."

The first exception was rightfully overruled for the reasons rather obscurely stated by the trial judge. There is nothing in the complaint which shows plaintiff to be a married woman, or to be laboring under any disability to bring this suit.

As to the second exception it may be said, in addition to the reasons assigned by the district judge, that the damages are alleged to have been occasioned by the breach of the conditions of a statutory bond, which is set forth at length in the complaint, and no further particulars are necessary to be alleged therein.

The respondent contends also that this court has no jurisdiction to consider this appeal because the judgment appealed from amounts to only three hundred (300) dollars. It is not the amount of the judgment that determines the jurisdiction of this court but the amount in controversy, which is fixed in this case by the complaint which claims damages amounting to one thousand (1,000) dollars. Mr. Freeman, in

a monografic note found in 21 American State Reports on page 618, in discussing this question says:

"It is almost universally maintained that the amount claimed by the plaintiff in the *ad damnum* clause of his declaration, petition, or complaint, or that named in the summons, determines the question of the jurisdiction of a court to entertain an original proceeding, and not the value of the property involved in the controversy, as established by the evidence at the trial, nor the amount found by the jury or finally recovered. This rule is equally applicable to actions commenced in inferior or superior courts, at law or in equity, in actions *ex contractu* or *ex delicto*. From the host of authorities in which this doctrine has been sustained, the following may be cited: *Skinner* v. *Bayley,* 7 Conn., 496; *Peter* v. *Schlosser,* 81 Pa. St., 439; *Scott* v. *Moore,* 41 Vt., 205; 98 Am. Dec., 581; *Vineyard* v. *Lynch,* 86 Mo., 684; *Giles* v. *Spinks,* 64 Ga., 205; *Ashuelot Bank* v. *Pearson,* 14 Gray, 521; *Inhabitants of Township No. 11* v. *Weir,* 9 Ind., 224; *Pate* v. *Shafer,* 19 Ind., 173; *Guard* v. *Circle,* 16 Ind., 401; *Culley* v. *Laybrook,* 8 Ind., 285; *Lafferty* v. *Day,* 7 Ark., 258; *Cole* v. *Hayes,* 78 Me., 539; *McVey* v. *Johnson,* 75 Iowa, 165; *Cavender* v. *Ward,* 28 S. C., 470; *Derby* v. *Stevens,* 64 Cal., 287; *Pennybecker* v. *McDougal,* 48 Cal., 160; *Solomon* v. *Reese,* 34 Cal., 28; *Cilley* v. *Van Petten,* 68 Mich., 80; *Miles* v. *Couchman,* 4 J. J. Marsh., 242; *Singleton* v. *Madison,* 1 Bibb., 342; *Abney Love & Co.* v. *Whitted,* 28 La. Ann., 818; *Tyler Cotton Press Co.* v. *Chevalier,* 56 Ga., 494; *Block* v. *Fontenot,* 35 La. Ann., 966; *Zuberbier* v. *Morse,* 36 La. Ann., 970; *Little* v. *State,* 75 Tex., 616; *McQuade* v. *O'Neil,* 15 Gray, 53; *Cley* v. *Barlow,* 123 Mass., 378; *Merrill* v. *Butler,* 18 Mich., 294; *Stephen* v. *Eiseman,* 54 Miss., 535; *Fenn* v. *Harrington,* 54 Miss., 733."

This has been often decided in other courts and more than once in this court. It is too plain for more extended notice.

Let us then pass to the proof. We find, on an examination of the record, that the judgment of the court below was rendered on the 5th day of November, 1907, and the notice of appeal was given on the 5th of December within 30 days thereafter; too late for a consideration of the facts, by this court, but in time for a review of the legal questions involved.

It is true that on the first of. March 1908, the second paragraph of subdivision 1 of section 295 of the Code of Civil Procedure was repealed. But this repeal cannot affect a case pending in the Supreme Court in which the transcript was already filed here prior to the passage of the repealing act.

Under the provisions of the said section 295 a review of the facts by the appellate court cannot be had, unless the notice of appeal is given within 15 days after the judgment. This has been frequently decided here and reference may be made to the following cases: *Román* v. *The Am. R. R. Co.*, 3 Dec. de P. R., 31-32; *Maisonave* v. *Maisonave et al.*, decided on 5th Dec., 1907; *Sucesores de Oliva & Co.* v. *J. Matienzo & Co. et al.*, decided on Dec. 12, 1907; *Ortíz* v. *Molina*, decided on Dec. 23, 1907; *Esteras* v. *Colón et al.*, decided on 23d Dec., 1907; *Díaz Caneja* v. *Sucesión Escuté et al.*, decided on 13th of Feb., 1908; *Horton & Cornwell* v. *García et al.*, decided on 4th Mar., 1908.

The judgment of the court below was rendered on the 5th of November, and the court, in rendering the same, announced the following opinion:

"After the hearing of the evidence had been terminated, the attorney, Mr. Arnaldo, submitted the right of his client to the consideration of the court, and Attorneys Vázquez and Martínez made their oral arguments; the court declared the case concluded and on the 5th of November rendered the following opinion:

"This is an action taken by Mrs. María Moreno to recover damages caused her. The complaint is presented against Messrs. Victor Martínez, Guillermo Hulet and José Martínez; the two last named as sureties. The facts are substantially as follows: Mr. Victor Martínez, one of the defendants, requested and obtained from this court, a preliminary injunction against María Moreno, now plaintiff, in order that she should be restrained from executing a judgment rendered against the former, in a case of unlawful detainer on a farm situated in the ward of Guatemala, a place known as Bejuco, of the municipal jurisdiction of San Sebastián; said Victor Martínez knowingly omitting in said petition that the judgment for unlawful detainer had been affirmed by the Supreme Court of the Island and was therefore final

and executory. Mr. Victor Martínez, through his sureties Mr. Guillermo Mulet and Mr. José Martínez, gave bond for the amount of $2,000 to answer for the damages that might be occasioned to the defendant in case it should be finally decided that the applicant had no right to obtain such injunction. The bond was approved by the judge and the order of restraint was carried into effect. After the hearing of the case, the defendant, now plaintiff, made objections and properly justified her oral and written allegations, demonstrating that the preliminary injunction ordered did not lie, and the court, considering the reasons stated in the resolution of 26th of April, 1905, declared null and of no effect said order of injunction, and the defendant having appealed from said decision the same was affirmed by the Supreme Court, ordering that the status of the affairs should be considered to be as it was at the time of the issuance of the preliminary injunction. As a result from this judgment of the Supreme Court, Mrs. María Moreno, through her attorney Fernando Vázquez, who represented her also in the injunction proceedings, filed the complaint to which we have referred, and the case having been heard, with the attendance of counsel, and the proof and oral arguments heard, the court reserved its judgment for one of the next sessions, when the court declared that the existence and reality of the damages caused by Mr. Victor Martínez, who requested the order for the preliminary injunction is a proven fact, beyond all doubt. But what have been the damages caused to the plaintiff herein, and to what extent have they been caused? The opinion of the court is that the only damages which have been proven to have been occasioned to the plaintiff are limited to the amount paid by her to the attorney who defended her in the injunction suit, for fees, which have been made to amount to $500. Can the payment of such attorney's fees be regarded as damages? Undoubtedly, if it should be understood by damages, in its legal sense, any fact or act which lessens or curtails unjustly or improperly the property or patrimony of a person; and such being the case, the amount paid by María Moreno to her attorney Fernando Vázquez, really constitutes a real wrong in relation to the payment of the amount for fees; her patrimony is diminished in an unjust and undue manner since the order for the preliminary injunction was obtained without any right therefor, and finally was annulled. Is the defendant Victor Martínez civilly responsible for the reimbursement of said amount? In other words, is he legally compelled to reimburse such amount to María Moreno for damages coming from the injunction order? We opine affirmatively, and the reason seems to us very clear.

"The order for the preliminary injunction was requested by Victor Martínez, now defendant, without any probable cause, or without any legal cause therefor, he having knowingly concealed some essential facts which, had they been inserted in the petition, would have caused the refusal of the injunction; as is clearly justified by the documentary proof presented at the trial of the case. Nor, therefore, did Mr. Victor Martínez act 'bona fide,' and malice must be inferred in this case, not only on account of the want of probable cause but for the lack of cause. Certainly it is true that whoever uses or exercises a right does not cause any damages to another; but this principle is not so absolute that it may not have some restrictions or reservations; one of them being that when the person who uses or exercises such right has knowledge, or conscientiously knows, that he is lacking it, or uses or exercises it, concealing or varying the truth with malice or bad faith, with the only purpose of obtaining a remedy or temporary measure causing a detriment or deterioration to the right of another person, as happens in this case to the plaintiff, María Moreno, who had the right of ejecting the defendant, Victor Martínez, from the property which is the object of the suit for unlawful detainer, and who also had the right to be in possession of said property, such right having previously been recognized by virtue of the final judgment rendered by this court.

"Another restriction of said principle is that which emanates from the fact itself of the bond required by the law, which authorizes the prohibitory injunction; said bond being strictly required to respond for the damages which the petitioner should incur. In such a manner the bond responds for the disbursement made by María Moreno for attorney's fees; this fact being directly connected with, and is necessary and logical sequence of, the order for the preliminary injunction. Had the defendant fully stated in his petition all the facts, the prohibition should not have been ordered; in which case, María Moreno, having no obstacles to defeat her should have made certain her right to occupy the house referred to, and it is clear that upon the issuance of the writ enforcing said right, Victor Martínez, by means of an impediment, such as is the preliminary injunction, compelled her to make use of the services of an attorney to help her to establish her right.

"We have a last point to consider, which is the following: Is the fact of the essential facts to which we have made reference as to the effects of this complaint having been concealed in the petition for

injunction imputable to the party really interested, or is it imputable to the attorney representing said party in that proceeding? We think the first. The attorney is merely a mandatory of the party whom he represents, in whose behalf he acts before the courts. He is personally responsible for the technical direction and for the manner in which he performs his professional duties in relation to the mandate with which he has been invested, but he cannot be made responsible for the inaccuracy of the statement of the facts set up in a petition until the contrary is shown, or that he acted in bad faith, varying or concealing the facts in a malicious or fraudulent manner. The presumption, therefore, is in his favor, and it must therefore be understood that the attorney representing Victor Martínez in said proceeding, simply stated the facts according to the instructions given him by his principal. Finally, the court must consider the amount and extent of the damages claimed. In regard to this point we are also of opinion that the amount of '$500' for fees paid, is excessive, and there having been no other information in the trial it is not supported by the nature of the legal question which was the object of the litigation. We believe that in no case should excessive fees be required; even less in a case for damages wherein the party who has to pay them, only contracts the obligation of paying those which might be reasonable; $300 being, in our judgment, a reasonable amount.

"Therefore, considering the reasons already stated, the court is of opinion that the law and the facts are in favor of the plaintiff, and against the defendant, and it is ordered, adjudged and decreed, that said plaintiff, María Moreno, obtain and recover, from defendants Victor Martínez, Guillermo Mulet and José Martínez, the amount of $300, and the costs caused in the trial of this case. And after this judgment becomes final an order shall be issued to the marshal for its enforcement."

As appears from the foregoing opinion and judgment the damages in this case were awarded for the attorney's fees which were necessarily, as alleged, paid by the plaintiff in defending the injunction suit. She produced a receipt for $500; but the district judge said that this amount was too large and reduced it to $300 for which amount judgment was given. The defendant, Martínez, claims that the attorney's fees are not part of the costs, and for that reason cannot be claimed as damages; and cites in support of this proposition

sections 327 and 339 of the Code of Civil Procedure. These sections do not sustain the propositions contended for. Of course the attorney's fees are a matter of agreement between the attorney and his client, and form no part of the court costs in an ordinary suit, but that does not imply that such disbursements are not a part of the damages sustained by the defendant in the injunction suit by the reason of the wrongful suing out of the said writ. Such losses were clearly occasioned by the wrongful act of the party seeking the injunction and filing a suit which had to be defended in order to protect the rights of the party defendant thereto. There is a case decided by the Supreme Court of the United States in 1872 which upholds the doctrine contended for by the appellant. (See *Oelrich* v. *Spain,* 82 U. S., 231.) We have great respect for all opinions emanating from that high tribunal; but the one cited has never been quoted with approval on this point so far as our observation extends, and we believe the strong current of authority to run the other way.

A review of the American jurisprudence as contained in the decisions of the various State courts of last resort on this subject will clearly show that such damages are constantly awarded in actions brought for the breach of injunction bonds.

Reference may be had in support of this proposition to the following cases: *State* v. *Medford,* 34 W. Va., 633, 12 S. E., 864; *Ah Thaie* v. *Quan Wan,* 3 Cal., 216; *Bustamante* v. *Steward,* 55 Cal., 115; *Creek* v. *MacManus,* 13 Mont., 152, 32 Pac., 675; *Ryan* v. *Anderson,* 25 Ill., 334; *Fountain* v. *West,* 68 Iowa, 380, 27 N. W., 264; *Colby* v. *Meservey,* 85 Iowa, 555, 52 N. W., 499; *Nimocks* v. *Welles,* 42 Kan., 39, 21 Pac., 787; *Tabor* v. *Clark,* 25 Pac. Rep., 181; *Belmont M. M. Co.* v. *Costigan,* 21 Colo., 465, 42 Pac., 650.

The opinion of the trial judge which we have quoted at length herein is substantially correct and the principles announced therein are approved.

Such being the views entertained by us on the question involved in this action; in accordance therewith the judgment of the court below should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justice Hernández concurred.

Justices Figueras and Wolf concurred as to the result, but not as to all grounds of the opinion.