No. 621.

## ABNEY, LOVE & CO. vs. MRS. S. H. WHITTED.

The claim of plaintiffs is for a sum exceeding five hundred dollars, and the fact that in the answer and as a witness defendant admitted being indebted for a less sum did not change the demand of plaintiffs. Had the amount admitted been certain and plaintiffs taken a judgment therefor, and thus left a small amount only in contest, the jurisdiction would have been affected. It is the demand of plaintiffs that gives jurisdiction.

The simple act of giving a mortgage to a creditor to secure his claim does not of itself constitute a ground for the writ of attachment.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *Chapin, J. J. F. Pierson*, for plaintiffs and appellees. *L. B. Watkins*, for defendant and appellant.

HOWELL, J. A motion is made to dismiss this appeal because, the defendant, having on the trial confessed the greater portion of the debt sued for, leaving a balance in dispute of less than five hundred dollars, this court is without jurisdiction.

The claim of plaintiffs is for a sum exceeding five hundred dollars, and the fact that in the answer and as a witness defendant admitted being indebted for a sum less than that sum did not change the demand of plaintiffs. Had the amounts admitted been certain and plaintiffs taken a judgment therefor, and thus left a small amount only in contest, the jurisdiction would have been affected. It is the demand of plaintiffs that gives jurisdiction.

Motion refused.

### ON THE MERITS.

The suit is on an open account for the year 1872, amounting to $988 35, reduced by credits to $548 21, and consisting of goods, wares, and merchandise, among them paints, oils, nails, wall-paper, window-sash, locks, hinges, and other articles to build the dwelling-house of defendant, in the town of Coushatta, on a lot bought of T. W. Abney, and which is described in the petition. It is averred that the account sued on shows that plaintiffs paid and advanced to the mechanics and workmen who

erected said building, upon the order and agreement of defendant, money and merchandise to enable defendant to erect said building, for which they have a legal and recorded privilege on the same; that defendant has mortgaged to Lisso & Brother her tract of land on Red river, and her house and lot in Coushatta, inherited from her father, and has given them confessions of judgment to a large amount, while she has refused to secure plaintiffs by mortgage or confession of judgment, thus giving to Lisso & Brother, a part of her creditors, an unfair preference over petitioners as creditors, and they prayed for and obtained an attachment and for judgment for $548 21 with interest, for maintaining the attachment, recognizing and enforcing their privilege, and for the sale of the property attached to satisfy their claim.

The answer sets up want of jurisdiction of the district court; the general denial; admits a portion of the account less than five hundred dollars, which defendant is willing to pay; alleges numerous errors therein; denies having given any unjust or fraudulent preference to any creditors or having had any interest to defraud plaintiffs or any other creditor; sets out that the contract for building her house was in writing; that she is not responsible for materials furnished, if any, by plaintiffs, who have no privilege.

Judgment was rendered for the amount admitted to be due and sustaining the attachment, recognizing *attaching* creditors' privilege on the property seized, and ordering it to be sold to pay the judgment, from which defendant appealed.

She complains that the grounds set out in the petition do not authorize the attachment, as it is not alleged or proven that the giving of the mortgage was with the intent to defraud her creditors or to give the mortgagees a fraudulent or unfair preference. No. 4 of art. 240, C. P., under which the writ issued, reads: "When he (the debtor) has mortgaged, assigned. or disposed of, or is about to mortgage, assign, or dispose of his property, rights, or credits, or some part thereof, *with intent* to defraud his creditors, or give an unfair preference to some of them." The intent is the essential ingredient, and, we think, neither the petition nor the evidence shows such intent in the defendant. The simple act of giving a mortgage to a creditor to secure his claim does not of itself give a ground for the writ. There is no evidence of recording a privilege. What we said on the motion disposes of the question of jurisdiction of the district court.

It is therefore ordered that so much of the judgment appealed from as sustains the attachment with recognition of attaching creditors' privilege on the property seized, and orders it to be sold for same, be reversed and annulled, and in other respects affirmed. Appellees to pay costs of appeal.