No. 6903.

HERRMANN & VIGNES vs. JUSTIN L. AMÉDÉE.

On the rule to dissolve an attachment the defendant in the suit may put at issue, and require to be passed on. all of the allegations of the plaintiff's affidavit, on which the writ of attachment itself legally rests. And when such allegations are thus put at issue, the plaintiff must prove them to be true. On such a rule however, no allegation, or fact, involving the merits of the case, will be considered.

APPEAL from the Fifteenth Judicial District, parish of Lafourche. Beattie, J.

J. D. Moore and T. A. Badeaux for plaintiff and appellant.

E. W. Blake and E. A. O'Sullivan for defendant.

The opinion of the court was delivered by

MARR, J. This suit was brought to recover the balance of an account.

The petition charges that "said Justin L. Amédée has mortgaged, assigned, or disposed of, or is about to mortgage, assign, or dispose of, his property, rights, or credits, or some part thereof, with intent to defraud his creditors, or give an unfair preference to some of them; and that he has converted, or is about to convert, his property into money

or evidences of debt, with intent to place it beyond the reach of his creditors."

The allegations of the petition were sworn to, and process of attachment issued, which was dissolved on rule to show cause, and the case comes up on the appeal of plaintiffs from this judgment.

The testimony which was offered in the district court was not reduced to writing, and there is no bill of exceptions in the record. Appellants, suggesting that defendant refused to join them in drawing a statement of facts, applied to the judge for such statement. The judge answered:

"My only recollection of the facts proven in this case are stated in my opinion on file in the record, being reasons for judgment. In answer to this application for a statement of facts, I make that opinion my statement. It was written immediately after the matter was submitted to me."

The minutes show that the rule was tried and taken under advisement on the fourth of December; and that the opinion and judgment were pronounced in open court and filed the next day, as follows:

"The evidence shows that defendant had, some time in 1874, mortgaged certain property in the parish of St. James; and that shortly before the attachment was issued he sold some horses and mules.

"Defendant was a merchant doing business in this parish. The debt sued on is an open account for goods and merchandise sold to him by plaintiffs from June 4, 1875, to May 18, 1877, amounting to $9551 88. Credits for payments made are allowed at different dates from June 4, 1875, up to June 20, 1877, amounting to $8050 86, leaving due $1501 02.

"While the affidavit made to obtain the writ is *prima facie* evidence, the facts which necessitate the issuance of the writ must be shown affirmatively. 24 An. 485.

"The evidence does not disclose any fraudulent disposition of the property of defendant. It shows that he was selling and paying off his debts to plaintiffs and others; but does not show an undue, unjust, and fraudulent preference. 24 An. 485.

"I do not think that the mere selling of goods by a merchant in embarrassed circumstances, or the payment of one creditor by such a sale as made by defendant herein, is such a 'giving of unfair preference' as is contemplated by the act of 1868.

"For these reasons it is ordered and adjudged that the attachment herein issued be set aside and annulled, at plaintiff's costs."

From the commencement of our jurisprudence under the Code of Practice, the defendant has always been allowed to prove, summarily, that the allegations on which the attachment was obtained were false and to have the writ set aside. C. P. article 258.

In Evans v. Saul the attachment was granted on the ground that defendant concealed himself to avoid being cited. The proof was that he absconded to avoid a criminal prosecution; and the attachment was dissolved. 8 N. S. 249.

In Read vs. Ware, 2 An. 498, a non-resident defendant was permitted to have the attachment set aside on rule to show cause on proof that his liability to plaintiffs was contingent. They had accepted bills for his accommodation which had not matured and which they had not paid; and in Price vs. Merritt, 13 An. 526, the attachment was dismissed on motion on the same ground.

Where the petition fails to show a cause of action, or shows that no cause of action exists, the attachment may be set aside, summarily, on exception *in limine*, or on rule to show cause. Where the petition shows a cause of action, but the allegations are not true in fact, or the defendant has defenses on which the demand of the plaintiff may be defeated on the merits, neither the truth of the allegations nor the defenses on the merits can be inquired into on the rule to show cause.

Where the affidavit shows any one of the causes of attachment, such as the non-residence of the defendant, or that he has departed, or that he is about to depart, from the State permanently, or that he has disposed of, or is about to dispose of, his property fraudulently, etc., the truth of the affidavit, so far as the writ itself is concerned, without reference to the merits, may be inquired into summarily on the rule to show cause.

In Miller vs. Chandler, 29 An. 89, the attachment was obtained on the ground that defendant resided in the State of Arkansas. One of the grounds of the motion was that the affidavit was untrue. All the allegations of the petition were sworn to. It was not pretended, nor was there any offer to prove, that the defendant did not reside in the State of Arkansas. There was but one traversable allegation in the petition that did not go to the merits; and that was as to the residence of the defendant, which pertained to the writ alone. We decided that the burden was on the defendant to disprove the sworn allegation as to his residence; and that on the motion to dismiss the plaintiff could not be put upon the proof of his case on the merits.

We do not understand the District Judge to mean that in all cases of motions to dissolve attachments the plaintiff is obliged to prove the truth of the allegations which he has sworn to in order to obtain the writ. It is only where the allegations so sworn to by him are denied, and the *prima facie* case made by his affidavit is rebutted, that he must support his affidavit by proof; and the opinion of the Judge must be limited to the case, to the facts proven.

The motion to dissolve in this case is not so specific as it might have

been; and it is possible that the District Judge would have rejected the testimony offered if objection had been made by plaintiffs on that ground. It is obvious that the defendant meant, and the counsel on both sides and the Judge understood, that the matter to be tried on the rule to show cause was the question, having no relation to the merits, as to the truth of the allegations of the fraudulent disposition by defendant of his property. The inquiry was limited to that ground of the attachment; and this is the only question passed upon by the Judge. The testimony offered was received without objection, apparently; and the Judge was bound to give it its legitimate effect.

We do not know and we can not know any thing of the facts proven except as stated in the opinion of the Judge. If his statement be correct, and we are bound to accept it as correct, he has properly applied the law: the attachment was not warranted by the facts; and it was consequently dissolved.

The judgment appealed from is therefore affirmed with costs.