Ferguson vs. Chastaut.

## No. 8078.

### L. C. FERGUSON VS. A. CHASTANT.

The intent to defraud must exist to justify an attachment. It does not suffice that appearances indicate it.

A PPEAL from the Second District Court for the Parish of Orleans.
Tissot, J.

*J. Q. A. Fellows* for Plaintiff and Appellant:

An attachment is improperly dissolved where the defendant fails to prove that he never made any attempt to sell the property, where the grounds of the attachment are that he was about to convert his property into evidences of debt, to place it beyond the reach of his creditors. Wetherow vs. Croslin, 24 An. 128; 55 An. 200; 27 An. 617, 104; 15 An. 425.

To dissolve an attachment it is necessary to specially deny the grounds set up, and the burden of proof is on him to disprove the allegation. Miller vs. Chandler, 29 An. 88; 30 An. 394; Cure vs. Variol, 30 An., not reported.

### *Chas. F. Claiborne* for Defendant and Appellee:

Where agent authorized to substitute has exercised the power and appointed another in his stead, he is divested of all power, which he cannot revive nor subsequently act for his former principal. Saul vs. Lalaurie, 1 An. 401.

Plaintiff in attachment, after his affidavit is rebutted by defendant on a rule to dissolve, must prove that defendant was about to dispose of his property with intent to defraud his creditors.

The fraudulent intent is the essential ingredient. C. P. 240, Sec. 4; 22 An. 531; 24 An. 82, 568; 25 An. 500; 26 An. 258, 641; 28 An. 309, 819; 30 An. 393; 32 An. 344; 9 An. 535.

The opinion of the Court was delivered by

MANNING, J. The plaintiff brought suit on March 20, 1880, to recover a moneyed judgment of the defendant. By supplemental petition of April 16 following, he prayed and obtained an attachment on the allegation that the plaintiff "has mortgaged and is about to dispose of his property with intent to defraud his creditors and especially petitioner, and to convert the same into money and evidences of debt with intent to place the same beyond the reach of his creditors."

Upon a rule taken by the defendant to dissolve upon sundry grounds, one of which was that the facts and allegations are untrue and insufficient to justify an attachment, the attachment was set aside, and the plaintiff has appealed.

The evidence shewed that two years before the institution of the suit the defendant had mortgaged an improved lot in this city to secure the payment of his note for $4,000 due March 20, 1879, which had been extended for one year, and which therefore fell due on the very day of the institution of the plaintiff's suit. Executory process had issued instantly, and at the defendant's solicitation his creditor had permitted him to sell, or attempt to sell, through an auctioneer

and without the intervention of the sheriff, and accordingly an advertisement appeared in a newspaper on April 11th of the sale to be made by the auctioneer on the 17th.

The plaintiff sued out his attachment the day before the sale day.

The property was offered notwithstanding, but the highest bid was $6,200, less by three hundred dollars than the limit imposed on the auctioneer by Chastant, and it was withdrawn. Through the good offices of a brother of the defendant, the money was obtained for the holder of the note, which was transferred to the lender of the money.

All of which shewed the defendant had no intention to defraud any one, however much the coincidence in dates of these acts wore that appearance. Chastant had no other property, and the advertisement of its sale was well calculated to induce suspicion of his purpose, but the evidence shewed it was not well founded. The intent to defraud must exist to justify an attachment. It does not suffice that appearances indicate it. Abney vs. Whitted, 28 Ann. 818; Hermann vs. Amedee, 30 Ann. 393, and authorities there cited.

Judgment affirmed.

Bermudez, C. J., recused.