### No. 319.

### MERCHANTS AND FARMERS BANK VS. R. N. MCKELLAR.

The first trial having resulted in a verdict for defendant,

Plaintiff moved for a new trial on the ground that the verdict was contrary to the law and the evidence.

It was not error in the judge to grant the motion.

The written reason containing statement of the court that its charge was not sufficient and explicit on one of the issues of the case did not preclude the court from exercising its discretion to grant a new trial.

The dissatisfied party could not make the incompleteness of the charge a ground of application for a new trial, not having excepted, but the judge could not be thereby prevented from having a verdict corrected which was contrary to the law and evidence.

The creditor who takes an attachment on a debt not due must take oath to the existence of the debt and to one of the requisites contained in the C. P. 240, but need not swear that "said debtor is about to remove his property out of the State before said debt becomes due, for to the conjunctive phrase " and more-

over swears," of Section 7 of the Act of 1826, " or swears," was substituted in the Revised Code of Practice of 1870.

The case of Seligman vs. Rigmaiden, 37 An. 722, is authority in so far as it is held that a mortgage granted by a debtor in good faith, to one of his creditors, is not a ground for attachment.

A charge of the court being correct as a whole, is not construed as having operated to the prejudice of the party cast, and as vitiating a verdict, because the judge, in instructing the jury in reference to one of the issues of the case, suggested, hypothetically, an unavoidable inference.

A PPEAL from the First District Court, Parish of Caddo.
  *Taylor, J.*

*Farrar, Jonas & Kruttschnitt* and *Wise & Herndon* for Plaintiff and Appellee:

1. Under Article 242 of the Code of Practice, it is not necessary for a creditor who takes an attachment on a debt not due, in addition to the grounds mentioned in Article 240, to swear that the debtor is about to remove his property out of the State before the debt becomes due. Section 7 of the Act of 1826 has been fundamentally modified by the revision of the code, and the words "and moreover swears" have been therein stricken out and the words " or swears" substituted, changing a conjunctive sentence into a disjunctive sentence.

2. The syllabus of the case of Seligman vs. Rigmaiden, 27 An. 722, is not supported by the body of the decision, and the doctrine stated in the syllabus is not the law of Louisiana.

3. In examining the charges given and exempted to, the whole scope and bearing of the charge must be taken together. Magniac vs. Thompson, 7 Pet. 348; Congress and Empire Springs Co. vs. Edgar, 99 U. S. 645.

4. It is not enough for a party who desires the reversal of a judgment to show error therein; he must show error to his prejudice. Ealer vs. Freret, 11 An. 455; Railroad Company vs. Smith, 21 Wall. 261; Packet Company vs. Clough, 20 Wall. 542; Blackwell vs. Patten, 7 Cranch, 471; Campbell vs. Pratt, 2 Pet. 354; Greenleaf vs. Birth, 5 Pet. 132; McMeeken vs. Webb, 6 How. 292; Chandler vs. Von Roeder, 24 How. 221; Grand Chute vs. Winegar, 16 Wall. 355; Cavazos vs. Trevino, 6 Wall. 773; Philpot vs. Gruninger, 14 Wall. 570; Chicago Railway Company vs. Ross, 112 U. S. 377; 3 N. S. 509, 541 and 582; 7 N. S. 148; 9 Louisiana, 350; 14 Louisiana, 381; 5 An. 43; 9 An. 197; 14 An. 727.

5. Where three separate and distinct grounds of attachment are averred, and the judge's charge covers all three, an exception is taken to the judge's charge to only two of the grounds, and nothing in the bill of exceptions, and the record goes to show that no evidence was adduced to support the third ground, or not enough evidence adduced to entitle the plaintiff to a verdict on such ground alone, error in the charge of the judge as to the two grounds will not justify a reversal of the verdict of the jury, because, *non constat,* that the verdict of the jury was based entirely upon the grounds to which no exception is taken, and the presumption in the appellate court is that the judgment in the court below is correct.

6. This presumption will be rigidly enforced against a litigant who deliberately leaves all of the evidence out of the record and brings up a case upon technical

Bank vs. McKellar.

bills of exception taken at the trial. The bills of exception or the record must clearly demonstrate that the errors complained of below were vital to the case, and that the verdict and judgment would have been otherwise if the errors complained of had not been committed.

7. In an attachment suit where defendant reconvenes for damages upon the ground that the attachment is illegal and he has been injured thereby, the maintenance of the attachment of itself disposes of the whole reconventional demand, and if the court finds no error in that part of the record relative to the validity of the attachment, they can not reverse and remand for errors relative to defendant's claim for damages growing out of the attachment.

8. The charge of the judge that the invalid attachment of a solvent partner's interest in a commercial firm did not dissolve the firm is a correct exposition of the law. Article 2823 refers only to the seizure and sale of an individual partner's interest under final process, and not to the seizure thereof under a preliminary writ.

---

*Land & Land* and *Bell & Randolph* for Defendant and Appellant:

1. The first trial of this case having resulted in a verdict for the defendant, on a written charge, which was not excepted to by plaintiff, nor additional instructions asked by counsel, and plaintiff having moved for a new trial on the sole ground that the verdict was contrary to the law and the evidence, it was error in the judge to grant a new trial for the reason that in his opinion his charge was not sufficiently full and explicit on the issues of the case. C. P. 517; 5 R. 213 The order was interlocutory and duly excepted to, and its correctness is revisable on appeal from final judgment. H. D. 2, p. 987, new trial, No. 1.

2. In case of a debt not due, the creditor must not only make oath to the existence of the debt and to one of the requisites contained in C. P., Art. 240, but must, moreover, swear that "said debtor is about to remove his property out of the State before said debt becomes due." Sec· amendment of 1826; decisions on same prior to 1870; Sec. 104, Revised Statutes·of 1870; C. P. 243 and 244. The word "or" preceding the word "swears" in Article 244 is a clerical or typographical error, and makes neither grammar nor sense, and leads to the absurd conclusion that an affidavit sufficient in law for an attachment when the *debt is due* is sufficient when the *debt is not due*, and that a creditor in the latter case may also attach on making oath that a debtor is about to remove his property out of the State before the debt becomes due, without swearing to any of the requisites contained in Articles 240 or 243. Article 244 is ambiguous, if not absurd, and its true meaning may be sought by examining the context, laws in *pari materia*, the reason and spirit of the law, judicial construction, and if the *letter* leads to an absurd conclusion, it must be rejected. C. C 13-18; H, D. 1, p. 784, No. 3. The legislation of 1870, "so far as it affects this code (C. P.), was merely revisory, with very little revision, and it can not be construed as if it went on the statute book then for the first time." Yale & Bowling vs. Cole, 31 An. 687. In that case the court read the text, "exceeding one-half," in Article 245, as meaning "exceeding by one-half." There was error in the charge of the judge on this point.

3. The doctrine announced in the syllabus of case of Seligman vs. Rigmaiden, 37 An. 722, is the *decision* of the Supreme Court, has the authority of precedent, until overruled, and it was error in the district judge to charge the jury to disregard the same.

Bank vs. McKellar.

4. It was error in the district judge to charge the jury that they would be justified in finding an intent to defraud from certain facts, if found, when said facts might be consistent with an honest intent, and where the presumption to be drawn is not a presumption of law, but of fact, from all the evidence before the jury. The judge had no legal right to express an opinion in such a case. 14 An. 139. An erroneous instruction can not be corrected simply by another instruction which states the law accurately. It should be formally withdrawn. 36 An. 204.

5. It was error to refuse to charge the jury that a seizure by attachment of a partner's interest in a commercial firm necessarily throws the firm into liquidation, and dissolves the firm if the seizure be legal. C. C. 2823; 11 R. 136; 6 An. 704; 14 An. 108.

6. It was error to charge the jury that "loss of profits" is not an element of actual damages. 33 An. 6.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued defendant to recover the sum of $11,328.69, of which $5000 was at the time due, and $6328.69 became due some time after the suit had been filed.

He also in the suit obtained an attachment and seized defendant's property, alleging the grounds contained in paragraphs 4 and 5 of Art 240 of the Code of Practice.

Two days after the suit had been filed, and the attachment had issued, that portion of the debt actually due was paid by the defendant. The balance, $6328.69, was paid at maturity, about a month and a half after.

The defendant on trial filed the plea of payment, and presented a motion to set aside the attachment on the ground that the plaintiff's allegations in his petition, and his affidavit for an attachment, were not true, and that the attachment was illegally, unlawfully and maliciously obtained.

He pleaded in reconvention for damages in the sum of $37,000.

The case was tried before a jury, and the trial resulted in a verdict for the defendant for $7500.

### NEW TRIAL.

The plaintiff moved for a new trial, alleging that the verdict was contrary to the law and the evidence.

The district judge granted a [new trial for reasons assigned in a written opinion, in which it is stated that the second ground for attachment presents an issue which may not have been sufficiently considered by the jury in making up its verdict.

The district judge expresses the conclusion in this opinion that he had not sufficiently instructed the jury in his charge touching this issue, and it resulted in the jury not having given it sufficient consideration.

After the new trial had been granted the defendant reserved a bill of exceptions to the court's action.

In support of this bill defendant says that the verdict was set aside, not because it was contrary to the law, as charged by the court and the evidence adduced, but because after verdict the judge came to the conclusion that he had failed to charge the jury as fully as he might have done on the trial of the cause.

That the reasons for granting the new trial could not have been urged by plaintiff, for a party dissatisfied with the charge must require the judge's opinion in writing and except to it before the jury retires.

That unless excepted to in due time the charge can not be made a ground for a new trial.

That although a trial judge has certain discretion in matter of granting new trials, it is a legal discretion which should not be exercised when litigants are not permitted to ask relief.

That the verdict should be reinstated, all subsequent proceedings annulled and the case remanded for further proceeding. These are the grounds of complaint and the relief sought by defendant.

The district judge concluded that the verdict was contrary to the law and the evidence.

He exercised a discretion with which he is entrusted in granting the new trial.

The incompleteness of the charge and the failure on the part of counsel to object on that ground do not preclude him from setting aside the verdict, should he conclude that it is contrary to the law and the evidence.

The verdict was illegal; it was stated by the judge that the jury had not sufficiently considered an important issue.

Though the plaintiff had not objected to the charge, the court a qua could have the finding reconsidered by granting a new trial.

The insufficiency of a charge will not justify the error of a jury.

The question does not come to us as it was presented to the court in the case of Penn vs. Collins, 5 R. 213 (relied upon by the de-

fendant), in which it was held that a party dissatisfied with the charge must require the judge's opinion in writing to except to it before the jury retires; it can not be done afterward.

The issue is not one growing out of an application for a new trial, because of misleading charge to which counsel failed to object, but relates to a verdict the judge in his discretion determined was contrary to law and evidence.

### CREDITOR'S OATH FOR ATTACHMENT.

On the second trial the court, in a written charge, instructed the jury that in case of a debt not due the creditor need only take oath to one of the requisites contained in Art. 240, C. P.

To this portion of the charge the defendant reserved a bill of exception, on the ground that the creditor must moreover swear " that said debtor is about to remove his property out of the State before said debt becomes due," and refers to Art. 244, R. S., Sec. 104.

Prior to the re-enactment by the Legislature of the Revised Code of Practice of 1870, an affidavit for an attachment sued out upon a debt not due was defective, if it did not state that the debtor was about to remove his property out of the State before the debt became due.

By Art. 244 of the Revised Code of Practice, the words " or swears " are substituted to " and moreover swears."

It is contended that the word " or " in the article is a typographical or clerical error, and that the sentence is dependent upon and but a continuation of the sentence preceding.

In short, that the law has not been amended nor changed by the disjunctive.

The meaning of " or " in the sentence can not be departed from without reading " and " in the article, and without considering as not repealed two words, " and moreover," to] which it, " or," was substituted in the re-enactment of the Code of Practice.

Under the rules which are laid down in the construction of statutes " or " and " and " are not treated as interchangeable, unless the intention requires, and in deference to the context.

With reference to intent: " and moreover " were not only the words of the law, but in a number of cases prior to the adoption of the Revised Code of Practice the court held, under the requirement of Act of 1826, that to maintain his attachment a creditor must

moreover swear " that said debtor is about to remove his property out of the State before said debt becomes due." Kleinorth & Cohen vs. Klingenders, 14 An. 96; Friedlander vs. Myers, 2 An. 920; Tuch vs. Wright, 8 R. 428; Millaudon vs. Foucher, 8 L. 583.

There was nothing dubious about the decisions nor about the law. It was well known.

In the enactment the requirement to obtain an attachment when the debt is not due was changed, nevertheless, as already stated.

The most latitudinarian construction would not sanction the inter-change of "or" for " and moreover" in an article of the Code of Practice, in the construction of which strict meaning should not be departed from. We would not feel justifiable in substituting the stricken out conjunctive phrase " and moreover " to the disjunctive " or " in a Code of Procedure.

### CREDITORS ENDEAVOR TO OBTAIN A MORTGAGE.

The defendant reserved a bill of exceptions to the part of the charge which reads:

" I am induced to instruct you on this point because defendant contends that admitting for argument that he did intend to give an unfair preference to some creditors by granting them special mort-gages, nevertheless the plaintiff can not make such preference legal ground for attachment, for the reason that they, themselves, endeavored to obtain from him a special mortgage to secure their claim a very short time before they attached."

"The case of Seligman vs. Rigmaiden, 37 An. 722." "But this decision applies only to the case where the giving of an unfair preference is the sole ground for the issuance of the attachment, as was the fact in that case.

" I do not think that the court in that case intended to establish the law as stated in the syllabus."

The record does not include the note of evidence, for this cause comes up for review on bills of exception, whereby it is shown that prior to the institution of the suit plaintiff, through one of its officers, asked the defendant to execute a mortgage for the amount due.

The defendant contends that this case is absolutely similar to the Seligman vs. Rigmaiden case, which involves, it is said, a question of law more particularly stated in the syllabus, while the opinion presents a question of fact of intent to defraud.

For obvious reasons we will not discuss a proposition as stated in a syllabus as establishing a principle of law.

The court held in the body of the opinion that a mortgage granted by a debtor, in good faith, to one of his creditors, is not of itself a ground of attachment.

In discussing the facts, the court sharply refers to a demand as made by the plaintiffs of the defendants for a mortgage, to be accompanied with an engagement to buy only from them.

This demand was not the controlling issue of the case; it was at most an incident which played no important part in the decision.

There is a difference between these cases, even with reference to the demand for a mortgage.

There is no evidence before us to sustain the contention that the defendant in the case we are now considering was insolvent at the time he was asked to execute a mortgage.

There is no proof of the date of the request for a mortgage.

## THE ENTIRE CHARGE.

The defendant urges that "there was error in the charge, in that, after correctly instructing the jury, that the intent to defraud was the crucial question to be determined from all the facts and circumstances of the case," the judge added, as follows: * * * * *
"If you find that these alleged mortgages were given, not to secure a pre-existent indebtedness, but to enable the defendant to raise money, and that in fact no money was advanced by the mortgagees, but in the place of money notes drawn to the order of and endorsed by defendant were executed and retained by him so as to enable him to have them discounted, or placed beyond the reach of his creditors by mere delivery with endorsement to other persons, you would be justified in concluding that defendant's intent was to place his property beyond the reach of his creditors, especially if you should be satisfied that the defendant was so embarrassed pecuniarily as to unable him to obtain relief from any source."

The objections of defendant are summed up by the proposition that an instruction should not be given which might be understood by the jury as intimating the opinion of the judges upon the facts of the case.

Its correctness does not admit of question.

The charge is lengthy; taken as a whole it was a fair presentation of the law applicable to the case.

If we limit our analysis to the lines quoted we do not discover any reference to the facts improperly suggesting to the jury the opinion of the court.

The instruction may be resolved into the following:

If the mortgage was not given to secure a pre-existing indebtedness:

If it was executed to enable defendant to raise money:

If no money was advanced by the mortgagees, but notes were so made as to enable the debtor to have them discounted or placed beyond the reach of his creditors by mere delivery—you would be justified in concluding that defendant's intent was to place his property beyond the reach of his creditors, especially if the debtor is embarrassed pecuniarily.

Such an instruction in a charge, continuing previous instruction of law applying to the cause of plaintiff and to that of the defendant, is not misleading and such as will vitiate a verdict.

The inference is unavoidable when considered with the other portions of the charge.

Any other inference would not only be a departure from the law, but utterly unreasonable.

The issues relate to the reconventional demand.

The main action was disposed of by the payment of the debt after suit had been brought.

The intent of a debtor in mortgaging or disposing of his property must be taken as made evident by the fact about the time the mortgage was executed.

We have no reason to conclude that the jury did not correctly appreciate and decide all questions of facts of the case, which facts are not of record on appeal, or that the court exceeded its authority in the explanation of the law to the jury.

The verdict of the jury and the judgment of the court are affirmed at the cost of defendant and appellant.