THE STATE, FREDERICK J. ANSPACH, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SPRING LAKE.

1. Under a statute which purports to give to a municipality an action upon contract against a lot-owner, to recover the expense of laying a sidewalk in front of his property, an attachment is an appropriate process against a non-resident owner.
2. Upon a motion to quash an attachment, the court will not ordinarily inquire into the validity of the cause of action presented by the plaintiff.

On *certiorari* to the Monmouth Pleas.

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the prosecutor in *certiorari*, *Acton C. Hartshorne.*

For the defendants in *certiorari*, *Hawkins & Durand.*

The opinion of the court was delivered by

DIXON, J. The plaintiff brought an action in the Monmouth Common Pleas by attachment against the defendant as a non-resident debtor, and the defendant obtained a rule to show cause why the writ should not be quashed, on the ground that it had been improvidently issued. On proofs taken by both parties the court subsequently discharged the rule, and its determination is now brought to this court by *certiorari.*

The testimony shows that the plaintiff caused sidewalks to be laid in front of several lots owned by the defendant in fee, and that the attachment was issued to recover the expense thereof, in supposed accordance with "An act to authorize boroughs to order and regulate the construction of sidewalks, and to provide for the payment of the expenses thereof." *Pamph. L.* 1891, *p.* 389. The second section of this statute declares that the borough may have an action upon contract, to recover the amount of the cost against the owner of the

lands, in any court having obtained jurisdiction thereof, and that a certificate of the cost, made as therein directed, shall, in such action, be *prima facie* evidence of the existence of a debt due from the owner to the borough.

The first ground on which the defendant seeks to quash the writ is that, because the statute above cited does not expressly authorize the suit to be commenced by attachment, therefore such process cannot be used.

This inference should not be adopted. Supposing the statute to be valid, the proceedings under it evidently created a debt for an ascertained sum of money due from the defendant to the plaintiff, upon the implied contract of the defendant to pay whatever the law orders him to pay. 3 *Black. Com.* 158. The theory of the statute is that the borough authorities may direct the property-owner to lay a sidewalk on the street in front of his land, and that the omission of the owner to comply with such direction shall be equivalent to his request that the authorities lay the sidewalk for him at his expense; thus there arises a debt, upon implied contract, for a definite sum of money paid by the plaintiff for the use of the defendant at his request. It is clear that debts of this nature are generally within our Attachment act, and the fact that the implied contract arises out of the provisions of a statute does not seem to be reason enough for excluding such a debt from the benefits of the act, especially in view of its express requirement that it shall be construed most liberally for the benefit of creditors. By the supplement of April 28th, 1886, even penalties recoverable upon statute are brought within its scope. *Rev. Sup., p.* 29.

The defendant further insists that the writ should be quashed, because, when the sidewalk was laid, the lots were encumbered by mortgage to their full value, and hence, he, as nominal owner, derived no benefit from the work, and therefore could not, under our constitution, be charged with any burden, and also because, before the suit was brought, he had conveyed away the property, and so was not the owner intended by the statute.

The questions thus raised relate merely to the existence of the debt, and not to the propriety of the remedy for the cause of action alleged. While, in cases where the plaintiff's claim appeared indisputably to be unfounded, the court might regard the issuing of an attachment as an abuse of its process, and on that ground might quash the writ, yet, ordinarily, the validity of the claim should not be tried on a motion to discharge the defendant or his property from suit.

In the very early cases of *Vienne* v. *McCarty*, 1 *Dall.* 154, and *Doane's Administrators* v. *Penhallow, Id.* 218, the Supreme Court of Pennsylvania held that on a motion to dismiss the attachment, the court would inquire into the merits of the cause of action. But in the more recent cases, the true rule seems to have been uniformily declared to be, that on a motion to quash the court would not consider the validity or justice of the plaintiff's claim, and so try in a summary and collateral investigation the main issue between the parties. *Hermann* v. *Amedee*, 30 *La. Ann.* 393; *Olmstead* v. *Rivers*, 9 *Neb.* 234; *Alexander* v. *Brown*, 2 *Disn.* 395; *Bundrem* v. *Denn*, 25 *Kan.* 430; *Steel* v. *Goodwin*, 113 *Pa. St.* 288; *Drake Att.*, § 418; *Waples Att.*, § 673.

In New Jersey, also, the practice on such motions is to test the propriety of the remedy by the *nature* of the cause of action as disclosed by the plaintiff, and not by its validity. *Day* v. *Bennett*, 3 *Harr.* 287; *Shadduck* v. *Marsh*, 1 *Zab.* 434.

The questions involved in the present controversy, whether the legislature can make the expense of laying a sidewalk a personal charge upon the owner of the abutting land, whether it can do so when the owner is not a resident of the state, and whether the defendant is the owner meant by the statute, are matters too serious and doubtful to be decided on a motion to quash the writ.

The proceedings of the Common Pleas should be affirmed, and the record should be remitted to that court for further proceedings according to law. The defendant in *certiorari* may enter judgment for costs in this court.