SAVOY, Judge.
Plaintiff filed a suit against defendants C. Wade Navarre and Bill Hennigan, doing business as Bill Hennigan Oldsmobile, for a money judgment. For a cause of action plaintiff alleged that in the year 1957 defendants were partners in the operation of the business known as Bill Hennigan Oldsmobile, domiciled in the Parish of Jefferson Davis, Louisiana, and were engaged in the operation of an automobile dealership, selling new Oldsmobiles and used cars; that the partnership sold to defendant, C. Wade Navarre, on January 28, 1957, a 1957 Oldsmobile Sedan. Said car was to be used by Navarre as a demonstrator in connection with the operation of the partnership business. Plaintiff further alleged that at the time of the transfer of the car to Navarre he executed a promissory note payable to the order of the partnership, that the note was secured by a sale and chattel mortgage on said automobile executed by the defendant Navarre, and the said promissory note and chattel mortgage were assigned to plaintiff corporation. In connection with the assignment of said note and chattel mortgage by the partnership to plaintiff, *754 the partnership through one of its authorized agents executed a Dealer Guaranty or Purchaser Account Agreement, whereby the partnership unconditionally guaranteed the payment of said note and mortgage. Plaintiff alleged that defendants requested that it handle the financing of the purchase of said automobile by Navarre on a demonstrator plan, whereby the chattel mortgage given as security for the purchase of said car would not be recorded against said automobile and that the Manufacturer’s Statement of Origin of said automobile be retained in the possession of the partnership and negotiated by the partnership if and when it decided to sell the said car as a demonstrator to one of its customers, at which time the note and mortgage would be satisfied in full. Petitioner stated further that during the month of May, 1957, the defendants in this suit terminated their partnership and Hennigan purchased the interest of Navarre in the partnership; that in consideration for the sale Hennigan executed his promissory note in favor of Navarre for the sum of $6,200.
Petitioner further alleged that after the termination of the partnership Navarre obtained possession of the said Manufacturer’s Certificate of Origin on the said 1957 Oldsmobile, that said certificate was sent to the Motor Vehicle Commissioner at Baton Rouge, Louisiana, and in turn Navarre secured from the Commissioner a Certificate of Title. He then mortgaged the automobile in question to another finance company, which seized and had the car sold for nonpayment of its debt. Petitioner further alleged that (1) the said Navarre was about to leave the state permanently, (2) he had concealed himself to avoid being cited, (3) he mortgaged, assigned or disposed of his property, rights or credits, or some part thereof with the intent to defraud his creditors, and (4) that he converted his property into money or evidences of debt, with intent to place it beyond the reach of his creditors.
Petitioner then prayed for a writ of attachment to be issued in the premises.
The district judge signed an order directing that a writ of attachment issue as prayed for.
To this suit defendant Navarre filed an exception to the jurisdiction of the court on the ground that he was not a resident of Jefferson Davis Parish. After a hearing on the exception, the trial judge overruled said exception.
Defendant Navarre then filed a rule in the case asking that the writ of attachment be dissolved and that he be entitled to the sum of $500 damages representing reasonable attorney’s fees.
After a lengthy hearing the district judge vacated and set aside the writ of attachment issued herein. From this judgment, plaintiff has appealed the case to this Court.
The evidence disclosed that defendant Navarre was primarily engaged in the oil business, that he leased lands for the purpose of exploring for oil, gas and other minerals on his behalf and for the account of others, that because of the nature of his business he traveled a good bit of the time, and that his business took him to Louisiana and parts of Texas. This Court is convinced, as was the trial judge, that the defendant Navarre did not intend to leave the State of Louisiana permanently, and that this ground is not sufficient for writ of attachment to issue herein.
The next complaint made by plaintiff was that Navarre concealed himself to avoid being cited in this case. The evidence reflects that it took the Sheriff of Lafayette Parish some thirty days to make service of process on Navarre in the instant suit. The evidence also reflects that Navarre went to the office of plaintiff in Lafayette from time to time to discuss a debt not connected with this suit with an agent for the company. This was corroborated by the agent for the company. This ground for attachment is likewise without merit.
The third and fourth grounds for attachment, namely, that he had mortgaged, as *755 signed or disposed of his property, rights or credits, or some part thereof with the intent to defraud his creditors, and that he converted his property into money or evidences of debt, with intent to place it beyond the reach of his creditors, will be discussed together for they are interrelated. The most serious question in this case involves the third and fourth grounds set out by plaintiff in its petition for attachment herein. As stated previously, petitioner has alleged that Navarre double mortgaged the automobile which had been previously mortgaged to plaintiff. The evidence reflects that the automobile partnership at the time it existed between the defendants herein was operated in a haphazard manner. After the partnership was dissolved, Navarre obtained a Title Certificate from the business showing that the 1957 Oldsmobile was free and clear of any mortgages. There is no proof in the record that fraud was used by the said Navarre in obtaining the Title Certificate. The evidence reflects that several persons in the organization were authorized to sign the necessary papers so as to make the Title Certificate effective in this case and other cases involving the sale of new automobiles. The evidence also shows that defendant Navarre sold to his father the note given to him by defendant Hennigan in payment of his share of the partnership business. Navarre received from his father mineral royalty deeds to minerals previously owned by his father in the Parish of Acadia. These transfers are of record and appear to be in legal order. We cannot say that the transfers were made in order to defraud plaintiff corporation.
In the case of Douglas Public Service Corporation v. Leon, 196 La. 735, 200 So. 21, 22, the Supreme Court of this state said:
“In order to sustain an attachment sued out under Article 240 of the Code of Practice on the ground that a debtor has mortgaged, assigned, or disposed of his property, or is about to do so, with intent to defraud his creditors, or is about to convert his property into money or evidences of debt with such intent, it must be shown that the debtor intended to defraud his creditors. The intent is the principal ingredient of the cause of action. In order to prove fraudulent intent, the acts and declarations of the debtor, as well as the surrounding circumstances, may be shown, since intent, which is subjective, can only be proved by objective signs. It is well settled that an actual fraudulent intent must exist on the part of the debtor. Mere appearances are not sufficient, even though the conduct of the debtor may indicate an intent to defraud.
“In Ferguson v. Chastant, 35 La.Ann. 339, the court said:
“ ‘The intent to defraud must exist to justify an attachment. It does not suffice that appearances indicate it.’ Citing Abney v. Whitted, 28 La.Ann. 818; Herrmann v. Amedee, 30 La.Ann. 393, and authorities there cited.”
In the case of Groner v. Capitol Syrup Co. et al., 10 So.2d 269, 272, the Court of Appeal for the Parish of Orleans in dealing with a suit involving a writ of attachment had this to say:
“ * * * Whether there is an intent to defraud and to grant an unfair preference is a question of fact which a trial court is better able to determine than is an appellate court, and it is a question on which there should be no reversal unless there is manifest error. * * Jji »
After a trial which lasted several days, the trial court concluded that the plaintiff had not proven his case with that certainty required by law. We find no error in his ruling.
Counsel for defendant Navarre has not answered the appeal. The trial judge disallowed his claim for attorney’s fees for dissolving the writ for the reason that he had not proven the value of the legal serv *756 ices rendered. Since defendant Navarre has not answered the appeal, we are powerless to allow said attorney’s fees.
For the reasons assigned the judgment of the district court is affirmed.
Affirmed.
On Application for Rehearing.
Rehearing denied, en Banc.