CULPEPPER, Judge.
In this suit plaintiff alleges that he is the holder and owner of a promissory note made by the defendant of date, May 27, 1957 for the original principal amount of $6,200 and on which the unpaid balance is alleged to be $4,200. The defendant filed an exception of no right of action, on the grounds that plaintiff is not a holder in due course of said note and is therefore relegated to the status of assignee of the debt represented by said note and that said debt having been seized under a writ of attachment in those certain proceedings entitled Commercial Credit Corporation v. Navarre et al. on the docket of the Thirty-first Judicial District for the Parish of Jefferson Davis before any notice of the assignment of said debt was given by plaintiff to the defendant debtor, the rights of the seizing third party have primed the claim of plaintiff to the debt in question. After hearing on the exception of no right of action the lower court found that plaintiff was not a holder in due course of said note and that therefore the rights of the seizing third party had primed the rights of the plaintiff to the debt represented by said note. The lower court rendered judgment sustaining defendant’s exception of no right of action and dismissing plaintiff’s suit at his cost. From this judgment plaintiff has appealed.
The instant case was argued and submitted to us on the same day as said case entitled Commercial Credit Corporation v. Navarre, the opinion in which case was rendered by us on March 6, 1961. rehearing denied on March 29, 1961, reported in 127 So.2d 753, and in which case our opinion has now become final since no application for writs of review has been timely filed with the Supreme Court of this State. In said case of Commercial Credit Corporation v. Navarre et al., our final decision affirmed the lower court’s dissolution of the writ of attachment under which the debt represented by the note herein sued on was seized. Since the only grounds for defendant’s exception of no right of action in the instant proceedings was the existence of said seizure and writ of attachment, and since this defense has now fallen by reason of the dissolution of said attachment, the exception of no right of action must now be overruled.
For the reasons assigned, the judgment of the lower court sustaining defendant’s exception of no right of action is reversed and set aside and this case is remanded to the lower court for further proceedings. All costs of this appeal are assessed against the defendant.
Reversed and remanded.